## CIRCUIT COURT OF FAIRFAX COUNTY

Cheryl L. Yawgel

v.

Scott A. Yawgel

July 29, 2002

Case No. (Chancery) 172267

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before me on a bill of complaint for divorce and for equitable distribution of the property of the parties. Upon hearing the matter, I took it under advisement to consider the evidence and the written closing argument of counsel.

I grant Mrs. Yawgel a divorce based on the parties' having lived separate and apart for a period of more than one year.

Before their marriage, the parties executed a Premarital Agreement ("the Agreement") disposing of much of the property and many of the issues that might otherwise be before me. They have also agreed to the distribution of additional property. There remain in dispute the classification and distribution of certain assets in light of the Agreement and the statutes of Virginia. Mrs. Yawgel also asks that the Court use an alternate valuation date for those assets pursuant to § 20-107.3(A) of the Code.

Under the Agreement, the parties agreed that Mr. Yawgel's shares of stock in Cornell Technical Services, Inc., are to remain his separate property. They also agreed that "all property acquired during the marriage in exchange for or from the proceeds of sale of ... separate property" shall be separate property, "provided that such separate property is maintained as separate property." During the marriage, the Cornell stock was sold and $150,000 was realized from the sale. Those funds went into various accounts. Some of those accounts were jointly titled, and others were titled in Mr. Yawgel's name only. It is largely those accounts that form the dispute between the parties.

The parties also provided in the Agreement that Mr. Yawgel's condominium in Reston, Virginia, is to remain his separate property. Mrs. Yawgel claims to have contributed to the renovation and furnishing of that condominium, as a result of which she seeks some award.

Each party seeks to be awarded the family dog. Mrs. Yawgel also seeks an award of attorney's fees.

Mrs. Yawgel contends that Mr. Yawgel did not respond fully to discovery and that, as a result, she was unable to determine how much marital property there is to be divided. While this court does not countenance or condone discovery failures by a party, Mrs. Yawgel did not file a motion to compel discovery in this matter.

I find that certain jointly titled accounts of the parties are marital property. I find that to the extent Mr. Yawgel placed the proceeds of the Cornell stock sale in jointly titled accounts (whether directly or via the Crestar account), Mr. Yawgel failed to maintain them as separate property under the terms of the Agreement. The Agreement further defines "joint property" (as distinguished from separate property) as "property in the names of both Scott and Cheryl." I find that, under § 20-107.3(A)(3)(e) of the Code, the commingling of Mr. Yawgel's otherwise separate property with marital property transmuted the separate property to marital property. As to the accounts listed below, Mr. Yawgel failed to provide sufficient evidence to retrace that property to recapture its separate character.

I find the following jointly titled property to be marital property:

1. *Oak Mark Associates*. I value this account as of the date of the hearing at $1,374.

2. *Goldman Sachs*. I value this account as of the date of the hearing at $1,224.

3. *PBHG*. I value this account as of the date of the hearing at $396. I deny Mrs. Yawgel's motion to value this account as of an earlier date. I decline to take into consideration certain withdrawals by Mr. Yawgel from the account prior to the date of separation.

4. *Dominion Direct*. I value this account as of the date of the hearing at $1,747.

5. *Fidelity Account 13816843*. I find that this account was opened in January 1996, about a month after the parties were married. The account was opened in the parties' joint names, although apparently Mr. Yawgel signed Mrs. Yawgel's name on the forms to open the account, on joint checks deposited into the account, and on checks withdrawing funds from the account. Mr. Yawgel asserts that this account is his separate property because it was funded from Cornell stock sale proceeds. While it is true that $20,000

from Cornell stock sale proceeds went into the account in March 1997, five deposits were made to the account before then, totaling over $12,000. Although many of those deposits came from the Crestar account, not all of them did. Once those funds were deposited into a joint account, the burden rests with Mr. Yawgel to retrace them to separate funds, which he has failed to do. The balance as of the date of the hearing was $11,948. I grant Mrs. Yawgel's motion to value the account as of the date of separation of the parties. The balance at separation was $54,427. There are two reasons for the difference in the balances. First, market fluctuations have resulted in a reduction in the account. I do not fault Mr. Yawgel for that and do not take such reductions into account in distributing property. Second, Mr. Yawgel withdrew $29,000 for his personal use between January and May 2000. While these withdrawals did not constitute waste, I find that they were use of marital funds which should be taken into account in equitable distribution. Therefore, I will consider distribution of $40,948 ($11,948 balance at hearing and $29,000 withdrawn) of this account.

6. *Fidelity Mutual T126525854*. This account had no balance (or no longer existed) at the time of the hearing. As of May 2001, it had a balance of $11,093. Mr. Yawgel withdrew those funds in June 2001 for personal use. I grant Mrs. Yawgel's motion to value the funds as of June 2001.

There is no presumption under the equitable distribution statutes that property should be divided equally. *Matthews v. Matthews*, 26 Va. App. 638, 496 S.E.2d 126 (1998). Nor does the Agreement require an equal distribution of this property; Mrs. Yawgel misreads Paragraph 7 of the Agreement in contending that it does. I have considered all of the factors contained in § 20-107.3(E) of the Code of Virginia. Particularly pertinent here are the duration of the marriage, how and when the money found in those accounts was acquired, and the style of marriage that the parties had. As a result, I award Mrs. Yawgel $23,000 and Mr. Yawgel $33,782 from the marital accounts. I order him to pay her the sum of $23,000 within thirty days of entry of a final decree.

I further find that all of the other accounts at issue (Invesco, Janus, Vanguard, DRIP accounts, NorthEast Investors Trust) are Mr. Yawgel's separate property. I find that they were never jointly titled and were never transmuted from separate to marital property. To any extent they were so transmuted, I find that Mr. Yawgel presented sufficient evidence to retrace them so as to recapture their separate character. To the extent that they were and remain marital property, I would nonetheless award them to Mr. Yawgel in their entirety, based on the same factors as outlined above.

I find that Mrs. Yawgel contributed $15,296 toward improving and furnishing the Reston condominium. Mr. Yawgel reimbursed Mrs. Yawgel $8,000

toward that contribution. Because I have taken into account the balance of Mrs. Yawgel's contribution to the condominium in reaching the above distribution of the marital accounts, I make no additional award in this regard.

Both parties (as well as Mrs. Yawgel's mother) testified regarding personal property in dispute. Frankly, that testimony was largely confusing, virtually incomprehensible, and rarely believable. No reliable evidence of value of that property was offered. No credible testimony as to the existence and location of items was presented. As a result, I make no award in relation to personal property.

The parties agreed that each shall retain their respective retirement accounts and that Mr. Yawgel shall retain as his separate property the Charles Schwab account, the American Express brokerage account, and the E-Trade account. I so decree.

I award Mrs. Yawgel the parties' dog.

Mrs. Yawgel's motion for attorney's fees is denied.